# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LESTER MALLONEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00719 |
| ) | |
| RYDER INTEGRATED LOGISTICS, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Ryder Integrated Logistics, Inc. ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the above-styled action filed by Plaintiff Lester Mallonee ("Plaintiff") in the Circuit Court of Jackson County, Missouri, at Kansas City, to the United States District Court for the Western District of Missouri, without waiving any rights to which Defendant may be entitled. In support of the removal of this action, Defendant states the following:

1. On July 28, 2020, Plaintiff commenced this action by filing a Petition in the Circuit Court of Jackson County, Missouri, at Kansas City, Case No. 2016-CV15759.

2. Plaintiff's Petition purports to assert claims for age discrimination and retaliation under the Missouri Human Rights Act ("MHRA").

3. On August 10, 2020, Plaintiff served a copy of the Petition on Defendant. In accordance with 28 U.S.C. § 1446(a), a copy of the Petition and all other process, pleadings and orders filed in Circuit Court are attached hereto as <u>Exhibit A</u>.

4. The date of service set forth above Defendant constitutes the first date upon which Defendant had actual notice of the pending action.

5. Under §§ 1441 and 1446, removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading. Defendant is timely filing this removal, within 30 days of service.

**Diversity of Citizenship**

4. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to the same because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. While the body of Plaintiff's Petition does not identify the state in which Plaintiff resides, Exhibit A to Plaintiff's Petition discloses that Plaintiff resides in Camden Point, Missouri, and is a citizen of Missouri. (Ex. A, Petition, Exhibit A.) Further, Defendant's records reveal Plaintiff resides in and is a citizen of Missouri. (Exhibit B, Declaration of Lesley Kerr, ¶¶ 4-8).

6. Plaintiff's Petition makes no allegations concerning Defendant's citizenship.

7. Defendant is not a citizen of Missouri. Defendant is a Delaware Corporation with its principal place of business and corporate headquarters in Miami, Florida. (Exhibit C, Declaration of Delores Clark, ¶ 3.)

8. As such, complete diversity exists amongst the parties and the "citizenship" component of the removal analysis is satisfied.

**Amount in Controversy**

9. Although Plaintiff does not plead a specific amount of damages, the amount in controversy claimed by Plaintiff exceeds $75,000.00, exclusive of interest and costs.

10. Defendant adamantly denies any liability as to Plaintiff and denies it violated the law as alleged by Plaintiff. Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may

2
6911631v.1

otherwise be available to it. Nonetheless, when, as in the instant matter, damages are not fully specified in the state court complaint, the removing party "has the burden of proving that the amount in controversy exceeds the jurisdiction minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Here, the amount in controversy requirement is satisfied because "the fact finder might legally conclude" that Plaintiff's damages exceed the jurisdictional minimum of $75,000. *Bell* at 958 (Under the preponderance standard, '[t]he jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…").

11. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

12. Plaintiff's alleged damages include lost income, damages for "garden variety emotional pain," "punitive damages," and "costs and reasonable attorneys' fees."

13. While Plaintiff makes no specific monetary demand in his Petition, the Court is not bound by amounts stated in the Petition when determining the amount in controversy. *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06 CV 1060 DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006) (holding "[a]ny amounts stated in the petition are not determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present); *see also Rodgers v. Wolfe*, No. 4:05 CV 01600 ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (holding "the amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant.")

6911631v.1

14. Plaintiff makes a claim for lost income. Pet. ¶¶ 16. The MHRA contains no cap for back pay damages. Mo. Rev. Stat. § 213.111.4. At the time his employment with Defendant ended in May 2019, Plaintiff was making a yearly salary of approximately $101,500.00. Plaintiff's back pay through the time of trial – assuming a conservative trial date of 18 months from the date of this Notice of Removal – would be approximately $287,500.00, well over three times the $75,000 threshold.

15. Plaintiff also makes claims for other damages, including compensatory and punitive damages, as well as attorneys' fees. Other damages, including punitive damages but excluding back pay damages, are capped between $50,000 and $500,000, depending on the size of the employer. *Id.* There is not, however, any cap on attorneys' fees. *Id.* Fee awards in Missouri employment discrimination cases can exceed $75,000 by themselves:

- *Jones v. City of Kansas City,* 569 S.W.3d 42, (Mo. Ct. App. 2019) (upholding trial court's attorney's fee award of $662,862 in MHRA case);

- *Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 56 (Mo. Ct. App. 2016) (upholding trial court's attorney's fee award of $234,890 in MHRA case);

- *Lawrence v. CNF Transp.*, No. 4-99-CV-00794-HFS, Doc. 124 (W.D. Mo. Mar. 12, 2002) (order awarding plaintiff $83,081.00 in attorneys' fees as prevailing party in discrimination case);

- *Lee v. Consolidated* Freightways, No. 99-1227-SOW, Doc. 131 (W.D. Mo. Aug. 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in discrimination case).

Therefore, Plaintiff's claim for attorney fees, by itself, meets the jurisdictional amount-in-controversy threshold.

16. In other cases involving claims of wrongful discharge in violation of the MHRA, juries have rendered verdicts in amounts in excess of $75,000.00. *See Sherry v. City of Lee's Summit, Missouri,* 2019 WL 6529784 (Mo. Cir. Ct. 2019) (jury verdict of $300,000 in actual damages in disability discrimination case); *Hartmann v. Astellas Pharma U.S., Inc., et al.*, 2018

4

WL 6983936 (Mo. Cir. Ct. 2019) (jury verdict of $432,000 in actual damages and $4,000,000 in punitive damages for claims brought pursuant to MHRA); *Hunley v. Sprint United Mgmt. Co.*, 21 F. App'x 532, 534 (8th Cir. 2001) (jury verdict of $76,058.91 in back pay, $256,250 in compensatory damages, for a total of $332,308.91 in damages for claims of race discrimination in employment and wrongful termination under 42 U.S.C. § 1981 and the MHRA); *Lynn v. TNT Logistics North America Inc.*, 275 S.W.3d 304 (Mo. App. W.D. 2008) (upholding trial court's award of $450,000 in compensatory damages and $3.75 million in punitive damages for plaintiff's claims brought under MHRA); *Brady v. Curators of University of Missouri,* 213 S.W.3d 101, 106 (Mo. App. E.D. 2006) (noting verdict award in MHRA age discrimination and retaliation action of $225,000 actual damages, $750,000 punitive damages against employer, and awards of $200,000 and $100,000 in punitive damages against individual defendants, while declining to award plaintiff reinstatement); *Brenneke v. Dep't of Missouri, Veterans of Foreign Wars of United States of America*, 984 S.W.2d 134 (Mo. App. W.D. 1998) (affirming $100,000 jury verdict for wrongful discharge in violation of public policy claim).

17. Again, in this lawsuit, Plaintiff is requesting lost wages, emotional distress damages, punitive damages, and attorneys' fees. Reading his Petition as a whole, this case clearly involves an amount in controversy exceeding $75,000.00.

## **Conclusion**

9. As noted in the paragraphs above, Defendant is properly removing this case to federal court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.00.

10. Under §§ 1332, 1441(a) and 1446(a), and Local Rule 3.2, the United States District Court for the Western District of Missouri is the appropriate court for removing an action from the Circuit Court of Jackson County, Missouri, where this action was filed.

5

18. In addition to filing this Notice of Removal in the office of the Clerk for the United States District Court for the Western District of Missouri, Defendant, through its undersigned counsel, certifies that it will provide notice of the removal to the Circuit Court of Jackson County, Missouri, at Kansas City, and to Plaintiff as required by 28 U.S.C. § 1446(d) to effect the removal.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of Jackson County, Missouri, at Kansas City, to the United States District Court for the Western District of Missouri.

Respectfully submitted this 9th day of September, 2020.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Kimberly F. Seten
Kimberly F. Seten, MO Bar No. 50449
2600 Grand Boulevard, Suite 750
Kansas City, Missouri 64108-4600
Telephone: (816) 472-6400
Facsimile: (816) 472-6401
Email: kseten@constangy.com

ATTORNEY FOR DEFENDANT

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2020, a true and correct copy of the above and foregoing NOTICE OF REMOVAL was served via the Court's electronic case filing system, and via electronic mail, on the following:

>Mark A. Jess
>Christie Jess
>Kelly Rosine Ruark
>Employee Rights Law Firm
>Law Offices of Mark A. Jess, LLC
>Kansas City Livestock Exchange Building
>1600 Genessee, Suite 842
>Kansas City, Missouri 64102
>Telephone: (816) 474-4600
>Facsimile: (816) 474-4601
>Email: mark.jess@employeerightslawfirm.com
>Email: christie.jess@employeerightslawfirm.com
>Email: kelly.ruark@employeerightslawfirm.com
>
>ATTORNEYS FOR PLAINTIFF

                                       /s/ Kimberly F. Seten
                                       Attorney for Defendant