# **EXHIBIT A**

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

|  |  |  |
|---|---|---|
| LESTER MALLONEE, | ) | Case No.: |
|  | ) |  |
| *Plaintiff,* | ) |  |
| v. | ) | Div.: |
|  | ) |  |
| RYDER INTEGRATED LOGISTICS, | ) |  |
| INC. | ) |  |
| Serve Registered Agent: | ) |  |
| CORPORATE CREATIONS NETWORK | ) |  |
| INC. | ) |  |
| 12747 Olive Blvd. #300 | ) |  |
| Saint Louis, MO. 63141 | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant.* | ) |  |

## PETITION

COMES NOW Plaintiff Lester Mallonee, by and through his attorneys of record, and for his

Petition against the above-named Defendant, states and alleges the following:

### Facts Common to All Counts

1.     This case arises under the Missouri Human Rights Act, RSMo. §213.010, *et seq*.

("MHRA").

2.     Mr. Mallonee worked for Defendant in  Jackson County, Missouri.

3.      Ryder Integrated Logistics, Inc. employed more than 6 employees in the State of

Missouri such that it is an "employer" under RSMo. §213.010(7).

4.      Ryder Integrated Logistics, Inc. illegally discriminated against Mr. Mallone based on

his age in violation of the MHRA and retaliation when they terminated his employment.

3.      As the acts of discrimination took place within Jackson County, Missouri venue is proper in this Court under the MHRA.

4.      Mr. Mallonee filed a charge of discrimination with the Missouri Commission on Human Rights within 180 days of the acts complained of and filed this Petition within 90 days after the date the Rights to Sue letter was written.  This action is timely and Mr. Mallonee has exhausted all administrative prerequisites to filing this action.  A copy of his Rights to Sue letter is attached as Exhibit A.

5.      Mr. Mallonee began his employment with Ryder Integrated Logistics, Inc. on September 24, 1985 until his unlawful termination on May 17, 2019.  He was employed by Ryder as a Maintenance Manager.

6.      Mr. Mallonnee was 57 years old at the time of his involuntary termination, being over the age of 40 put him in a protected class.

7.      Mr. Mallonee was pretextually terminated for failure to perform training, failure to maintain facilities and failure to purchase tools for the locations that reported to him.

8.      Mr. Mallonee successfully performed the duties of his position until he was wrongfully terminated on May 17, 2019.  Mallonee had received an appreciation plaque by Defendant two weeks prior to his termination.

9.      Defendant had adopted a Zero Based Budget referred to as ZBB.  Director of Operations, Claude Hough was in charge of overhead budgets and also the one who controlled budgets and would not release funding for any of the issues Mr. Mallonee was terminated for.

10.      Prior to Mr. Mallonee's termination he had reported concerns of sexual harassment to Mr. Hough.  He reported the acts on behalf of himself and 2 other service managers that worked under Mallonee, all 3 of these employees were terminated.

11.     Mallonee reported to Hough after a meeting that he and Kathryn Johnston (Human Resource Coordinator) had, Johnston stood and gave Mallonnee a hug this was not a friendly hug but rather a full-frontal hug, arms wrapped around his neck and breasts pressing tightly into Mallonee.

12.     Johnston would also call Mallonees' service manager in for meetings.  There was no reason for Kathryn to meet with Mallonees' employees as he was their direct report.  After David (service manager) had meeting with Kathryn he reported to Mallonee that it was a closed-door meeting.  During the meeting Kathryn discussed how she dressed at home, perfume that she wore and her spouse.  Kathryn would "accidently" touch his leg while cramped by her at the desk, she would cross and uncross her legs in a noticeable fashion and lick her lips while looking at him in a provocative manner.  Mallonee reported these incidents to Hough.

13.     On information and belief after Ryder received a letter from Mallonees' attorney about his unlawful termination, Kathryn was terminated.

14.     Mr. Mallonee received several calls from Ryder after his wrongful termination requesting his assistance.

## COUNT I

## Age Discrimination in Violation of the Missouri Human Rights Act

15.     Mr. Mallonee restates and incorporates by reference all preceding paragraphs of this petition.

16.     As a direct and proximate result of Ryder's conduct, Mr. Mallonee has, and will continue to, sustain damages in the form of lost income and garden variety emotional pain, including but not limited to mental suffering, mental anguish, inconvenience and loss of enjoyment of life.

17.     Ryders conduct was outrageous due to their evil motive and/or reckless disregard for Mr. Mallonee's rights, entitling him to punitive damages.

18.     As equitable relief, Mallonee requests reinstatement or full payment of all lost wages and benefits in lieu thereof.

WHEREFORE, Plaintiff, Lester Mallonee, prays for judgment against Ryder, for his actual and punitive damages in an amount that is fair a reasonable, together with his costs and reasonable attorneys' fees, and for any other remedy that the Court deems equitable.

**COUNT II**
**<u>Retaliation in Violation of the Missouri Human Rights Act</u>**

16.     Mallonee restates and incorporates by reference all preceding paragraphs of this petition.

17.     As a direct and proximate result of Defendant's conduct, Mallonee has, and will continue to, sustain damages in the form of lost income and garden-variety emotional distress.

18.     The defendant's conduct was outrageous due to their evil motive and/or reckless disregard for Mallonee's rights, entitling him to punitive damages.

19.     As equitable relief, Mallonee requests reinstatement or full payment of all lost wages and benefits in lieu thereof.

WHEREFORE, Plaintiff, Lester Mallonee, prays for judgment against Ryder for his actual and punitive damages in an amount that is fair and reasonable, together with his costs and reasonable attorneys' fees, and for any other remedy that the Court deems equitable.

**DEMAND FOR A JURY TRIAL**

Lester Mallonee demands a trial by jury on all triable issues herein.

Respectfully Submitted,

**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**

/s/ Christie Jess

| | |
|---|---|
| Mark A. Jess | MO No. 37946 |
| Christie Jess | MO No. 44919 |
| Kelly Rosine Ruark | MO No.  48119 |

Kansas City Livestock Exchange Building
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph:  816.474.4600
Fx:  816.474544.4601
mark.jess@employeerightslawfirm.com
christie.jess@employeerightslawfirm.com
Kelly.ruark@employeerightslawfirm.com

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM



<small>MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS</small>
# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **Martha Staggs**<br>COMMISSION CHAIRPERSON | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |

Lester Mallonee
P.O. Box 121
Camden Point, MO 64018

## NOTICE OF RIGHT TO SUE

RE:  Lester Mallonee vs. RYDER
E-09/19-51435  28E-2019-01542C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

April 30, 2020
Date

C:    additional contacts listed on next page

☒        ☐        ☐        ☐        ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)     Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

RYDER
11690 N.W. 105th Street,
Miami, FL 33178


,
RYDER
11690 N.W. 105th Street
Miami, FL 33178

Ashlee Ligarde
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
8911 N Capital of Texas Highway
Bldg. 3, Suite 3350
Austin, TX 78759

Mark A. Jess
Kansas City Livestock Exchange Building,
1600 Genessee, Suite 842,
Kansas City, MO 64102

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

|  |  |  |
|---|---|---|
| LESTER MALLONEE, | ) | Case No.: |
|  | ) |  |
| *Plaintiff,* | ) |  |
| v. | ) | Div.: |
|  | ) |  |
| RYDER INTEGRATED LOGISTICS, | ) |  |
| INC. | ) |  |
| Serve Registered Agent: | ) |  |
| CORPORATE CREATIONS NETWORK | ) |  |
| INC. | ) |  |
| 12747 Olive Blvd. #300 | ) |  |
| Saint Louis, MO. 63141 | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant.* | ) |  |

**MOTION FOR APPROVAL AND APPOINTMENT
OF PRIVATE PROCESS SERVER**

Petitioner/Plaintiff in the above captioned matter, by and through her undersigned counsel,

and for his Motion for Approval/Appointment of a Private Process Server.

The Petitioner/ Plaintiff hereby moves for the approval and appointment of Randy Adkins

PPS20-0225, who is a qualified person to serve process, not a party and are not less the eighteen

(18) years of age, as the private process server in the above cause to serve process in this case.

The Petitioner/Plaintiff states that:

☐     The above-named individual is qualified to serve process in this matter and that an
affidavit containing the information required by Rule 4.9 and attesting to such qualifications is
attached and incorporated as Exhibit "A".

X     The above-named individual is on the Court's List of Approved Process Servers    and
all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐     The above-named individual is on the Court's List of Approved Process Servers
and the information contained in his/her Application and Affidavit needs to be updated as indicated
in an attachment, provided by me herewith.

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM

Respectfully Submitted,
**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**

/s/ Mark A. Jess
Mark A. Jess             MO No. 37946
Christie Jess             MO No. 44919
Kelly Rosine Ruark     MO No. 48119
Kansas City Livestock Exchange Building
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph: 816.474.4600
Fx: 816.474.4601
mark.jess@employeerightslawfirm.com
christie.jess@employeerightslawfirm.com
www.employeerightslawfirm.com
*ATTORNEYS FOR THE PLAINTIFF*

**ORDER**

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individuals are hereby approved and appointed to serve process in the above captioned matter.

_____
DATE

_____
JUDGE

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

**LESTER MALLONEE,**

|  |  |
|---|---|
| **PLAINTIFF(S),** | **CASE NO.** 2016-CV15759 |
| **VS.** | **DIVISION 10** |

**RYDER INTEGRATED LOGISTICS INC,**

**DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE**
**AND ORDER FOR MEDIATION**

_____

 NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **PATRICK WILLIAM CAMPBELL** on **03-DEC-2020** in **DIVISION 10** at **10:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

 A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.
 At the Case Management Conference, counsel should be prepared to address at least the following:

  a.  A trial setting;

  b.  Expert Witness Disclosure Cutoff Date;

  c.  A schedule for the orderly preparation of the case for trial;

  d.  Any issues which require input or action by the Court;

  e.  The status of settlement negotiations.

Case 4:20-cv-00719-SRB   Document 1-2   Filed 09/09/20   Page 12 of 17

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ PATRICK WILLIAM CAMPBELL
PATRICK WILLIAM CAMPBELL**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
KELLY J RUARK, 105 W KANSAS, SUITE A, LIBERTY, MO 64068

CHRISTIE SHERMAN JESS, EMPLOYEE RIGHTS LAW FIRM, 1600 GENESSEE, SUITE 842, KANSAS CITY, MO 64102

MARK ALLEN JESS, EMPLOYEE RIGHTS LAW FIRM, 1600 GENESSEE, SUITE 842, KANSAS CITY, MO 64102-5639

Defendant(s):
RYDER INTEGRATED LOGISTICS INC

Dated: 31-JUL-2020

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

|  |  |  |
|---|---|---|
| LESTER MALLONEE, | ) ) ) | Case No.: |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Div.: |
| RYDER INTEGRATED LOGISTICS, INC. | ) ) ) | |
| Serve Registered Agent: CORPORATE CREATIONS NETWORK INC. | ) ) ) | |
| 12747 Olive Blvd. #300 Saint Louis, MO. 63141 | ) ) ) | |
| *Defendant.* | ) ) ) | |

**MOTION FOR APPROVAL AND APPOINTMENT
OF PRIVATE PROCESS SERVER**

Petitioner/Plaintiff in the above captioned matter, by and through her undersigned counsel, and for his Motion for Approval/Appointment of a Private Process Server.

The Petitioner/ Plaintiff hereby moves for the approval and appointment of Randy Adkins PPS20-0225, who is a qualified person to serve process, not a party and are not less the eighteen (18) years of age, as the private process server in the above cause to serve process in this case.

The Petitioner/Plaintiff states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

X The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

Electronically Filed - Jackson - Kansas City - July 28, 2020 - 11:21 AM

Respectfully Submitted,
**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**

/s/ Mark A. Jess
Mark A. Jess           MO No. 37946
Christie Jess            MO No. 44919
Kelly Rosine Ruark     MO No. 48119
Kansas City Livestock Exchange Building
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph: 816.474.4600
Fx: 816.474.4601
mark.jess@employeerightslawfirm.com
christie.jess@employeerightslawfirm.com
www.employeerightslawfirm.com
*ATTORNEYS FOR THE PLAINTIFF*

## ORDER

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individuals are hereby approved and appointed to serve process in the above captioned matter.

31-Jul-2020
_____
DATE

*Cheryl Smalley*
_____
DEPUTY COURT ADMINISTRATOR



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>PATRICK WILLIAM CAMPBELL | Case Number: 2016-CV15759 |
|---|---|
| Plaintiff/Petitioner:<br>LESTER MALLONEE | Plaintiff's/Petitioner's Attorney/Address<br>MARK ALLEN JESS<br>EMPLOYEE RIGHTS LAW FIRM<br>1600 GENESSEE<br>SUITE 842<br>KANSAS CITY, MO 64102-5639 |
| vs. | |
| Defendant/Respondent:<br>RYDER INTEGRATED LOGISTICS INC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **RYDER INTEGRATED LOGISTICS INC**
**Alias:**
CORPORATE CREATIONS NETWORK
12747 OLIVE BLVD #300
ST LOUIS, MO 63141

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

31-JUL-2020
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
_____ Date

_____
Notary Public

**Sheriff's Fees**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-6288** 1 of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00719-SRB Document 1-2 Filed 09/09/20 Page 16 of 17

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020